IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SOUMYARUPA DE and GIRISH ARVIND SHENVI,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES and LOREN K. MILLER, in their official capacity as Director of the Nebraska Service Center,<br><br>Defendants. | 4:21CV3295<br><br>ORDER |

This matter is before the Court on plaintiffs Soumyarupa De and Girish Arvind Shenvi's ("plaintiffs") Emergency Motion for Temporary Restraining Order (Filing No. 4) "under the All Writs Act, 28 U.S.C. § 1651(a) in order to maintain jurisdiction over [their] claims after November 1, 2021." The plaintiffs have clarified (Filing No. 9) that they "did not intend to request an *ex parte* Temporary Restraining Order" and have conferred with defense counsel.

In this case, the plaintiffs seek an order compelling the U.S. Citizenship and Immigration Services ("USCIS") and Loren K. Miller, the director of its Nebraska Service Center (collectively, "defendants"), to adjudicate their Application to Register Permanent Residence or Adjust Status (USCIS Form I-485) before November 1, 2021. *See* 28 U.S.C. § 1361. They allege the defendants' processing of their application has been unreasonably delayed and is arbitrary and capricious in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*. The plaintiffs alternatively request "an order requiring USCIS to reserve a current visa number for [them] beyond the October 31 retrogression due to the unreasonable delay of the agency under the All Writs Act." The defendants oppose the plaintiffs' motion (Filing No. 15).

This is one of nine cases filed by plaintiffs' counsel requesting similar relief for other I-485 applicants. *See Naramala v. U.S. Citizenship & Immigr. Servs.*, No. 4:21-CV-3289, Filing No. 17 (D. Neb. 2021) (listing the cases). These nine follow another group of cases seeking similar relief. *See*, *e.g.*, *Bansal v. U.S. Citizenship & Immigr. Servs.*, No. 4:21-CV-3203, 2021 WL 4553017, at *1-2 (D. Neb. Oct. 5, 2021).

In these cases, the Court has consistently concluded the I-485 applicants have failed to show they were entitled to relief based on the factors the Eighth Circuit set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). *See*, *e.g.*, *Bansal*, 2021 WL 4553017, at *7-10; *Marneni v. U.S. Citizenship & Immigr. Servs.*, No. 4:21-CV-3291, 2021 WL 4917974, at *1-4 (D. Neb. Oct. 21, 2021); *Naramala*, No. 21-CV-3289, Filing No. 17 (D. Neb. 2021). Perhaps most importantly, *see S & M Constructors, Inc. v. Foley Co.*, 959 F.2d 97, 98 (8th Cir. 1992) (calling "likelihood of success on the merits" the most-significant factor), the Court has concluded the applicants have failed to show that they were likely to succeed on the merits and that they would suffer irreparable harm if the Court did not act. *See*, *e.g.*, *Bansal*, 2021 WL 4553017, at *7-9; *Marneni*, 2021 WL 4917974, at *2. The Court reaches the same conclusion here.

For that reason, the plaintiffs' Emergency Motion for Temporary Restraining Order (Filing No. 4) is denied.

IT IS SO ORDERED.

Dated this 29th day of October 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge